UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21924-CIV-MORENO/LOUIS

WORLDSPAN MARINE INC., *et al.*,

    Plaintiffs,

v.

COMERICA BANK, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** comes before the Court upon Defendants Harry Sargeant III ("Sargeant"), Deborah Sargeant, Mervyn Monger, and Kevin Kirkeide's (collectively, "Defendants") Renewed Motion for Sanctions Under Rule 11 and 28 U.S.C. § 1927 (ECF No. 160). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Federico A. Moreno, Senior United States District Judge (ECF No. 64). Plaintiffs filed a Response (ECF No. 162), to which Defendants filed a Reply (ECF No. 163). Having reviewed the Motion, Response, Reply, and being duly advised in the premises, the undersigned recommends that Defendants' Motion be **DENIED**.

**I.    BACKGROUND**

    This matter arises out of a purported credit bid scheme stemming from a contract for the construction of a super yacht. *See* (ECF No. 1). Plaintiffs Worldspan Marine, Inc., CSPAN

1

Financial, LLC, and Wedmore Financial, LLC (collectively, "Plaintiffs") filed a Complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962, 1964, the Florida Racketeer Influenced and Corrupt Organizations Act, Fla. Stat. § 772.103, fraud, and conspiracy, against Defendants Comerica Bank, Barry Shaw, Cynthia Jones, and Kurt Younker and the moving Defendants Harry Sargeant III, Deborah Sargeant, Mervyn Monger, and Kevin Kirkeide.

All Defendants moved to dismiss Plaintiffs' Complaint (ECF Nos. 45, 47). Following the district court's dismissal of the original Complaint, Plaintiffs filed an Amended Complaint (ECF No. 105). The district court again dismissed the Amended Complaint, this time with prejudice (ECF Nos. 130, 137). Following the second dismissal, Plaintiffs appealed the order to the Eleventh Circuit (ECF No. 139). The Eleventh Circuit affirmed the district court's dismissal of Plaintiffs' Amended Complaint, holding that "[t]he district court acted well within its discretion in concluding that the prolix and sprawling Amended Complaint, which spilled across 138 pages and spanned 487 paragraphs, was an impermissible shotgun complaint." *Worldspan Marine Inc. v. Comerica Bank*, No. 20-11646, 2021 WL 5882006, at *1 (11th Cir. Dec. 13, 2021). Plaintiffs' petition for rehearing *en banc* before the Eleventh Circuit was subsequently denied.

When the initial motions to dismiss (ECF Nos. 45, 47) were pending, Defendants moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, or, alternatively, the Court's inherent authority (ECF Nos. 73, 80). The Court denied Defendants' motions for sanctions because Defendants failed to demonstrate that Plaintiffs brought their claims for the purpose of harassment and failed to meet their burden for sanctions under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (ECF No. 97). Following the district court's dismissal of

2

Plaintiffs' Amended Complaint, Defendants brought a renewed motion for sanctions, (ECF No. 146), which was denied without prejudice and with leave to refile after resolution of the pending appeal. (ECF No. 156). The Eleventh Circuit subsequently affirmed the district court's order dismissing the Amended Complaint. (ECF No. 158). Defendants now seek the imposition of sanctions against Plaintiffs.

## II.   LEGAL STANDARD

### a. Federal Rule of Civil Procedure 11

An attorney or a party may be sanctioned under Rule 11 when a party files a pleading for an improper purpose, based on a legal theory that has no reasonable chance of success, or has no reasonable factual basis. Fed. R. Civ. P. 11; *Matthiesen v. Matthiesen*, No. 16-20360, 2018 WL 1121538, at *2 (S.D. Fla. Mar. 1, 2018) (citing *Lee v. Mid-State Land & Timber Co.*, 285 F. App'x 601, 608 (11th Cir. 2008)). Rule 11 governs any pleading, written motion, or other paper filed with the court, and applies equally to attorneys, law firms, and parties. Fed. R. Civ. P. 11(b). When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery. *Id*. "The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 11.03 (3d ed. 2010)).

To determine whether Rule 11 has been violated, a court analyzes two prongs: (1) whether the party's claims are objectively frivolous, in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous—that is, whether the person would have been aware had they made a reasonable inquiry. *Id.* The first prong considers what was reasonable to consider at the time the subject of the sanction motion was filed. If the first prong is proved, then a court analyzes the second prong: the reasonable inquiry. *See Edgefield Holdings, LLC v. Adams*, No. 15-MC-23666, 2016 WL 7210441, at *2 (S.D. Fla. Dec. 13, 2016). The second prong focuses on whether the lawyer should have been aware that the claims were frivolous. *Id.* (quoting *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238–39 (S.D. Fla. 2008)).

Rule 11 motions should not be employed to test the legal sufficiency or efficacy of the allegations made in a complaint. Fed. R. Civ. P. 11 Advisory Committee's Note (1993 Amendments); *Lawson v. Sec'y Dep't Corr.*, No. 13-12786, 2014 WL 1491862, at * 1 (11th Cir. Apr. 17, 2014) (quoting *Cooler v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("[T]he imposition of Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires a determination of a collateral issue: whether the attorney has abused the judicial process, and if so, what sanction would be appropriate.")).

b. **28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, an attorney who unreasonably and vexatiously multiplies the pleadings in any case may be required to personally satisfy the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. However, the language of 28 U.S.C. § 1927 makes clear that it only applies to unnecessary filings *after* the commencement of an action.

*Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (citing *Matter of Yagam*, 796 F.2d 1165, 1187 (9th Cir. 1986)) ("Section 1927 does not apply to the initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiple or prolong proceedings after the complaint is filed."), *amended* 803 F.2d 1085 (9th Cir. 1986).

There are "three essential requirements" for a district court to impose sanctions under Section 1927: (1) the attorney must have engaged in unreasonable and vexatious conduct; (2) this conduct must have multiplied the proceedings; and (3) the dollar amount of the sanctions must bear a financial nexus to the excess proceedings in that it may not exceed the costs, expenses, or attorney's fees incurred because of the conduct. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). For a sanctions award to be appropriate, "something more than a lack of merit is required" because Section 1927 "was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (internal quotation marks omitted). An attorney acts in bad faith for purposes of Section 1927 when he "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims*." Id.*

## III.     DISCUSSION

Defendants argue that sanctions are warranted under Rule 11 and 28 U.S.C. § 1927 because Plaintiffs' Amended Complaint was a shotgun pleading; Plaintiffs' replead substantively the same claims as the first complaint; the Amended Complaint was intended only to harass and force Defendants to incur legal expenses; and Plaintiffs vexatiously multiplied the proceedings. Plaintiffs contest these arguments on the basis that the Amended Complaint was filed in good faith; the Amended Complaint was materially distinguishable from the first complaint; and Plaintiffs

have not vexatiously multiplied proceedings in this case.[1] The Court evaluates each argument in turn below.

### a. Rule 11 Sanctions

Defendants first urge the Court to impose sanctions under Rule 11 because Plaintiffs' Amended Complaint was an "incomprehensible shotgun complaint," in violation of Rules 8 and 9. (ECF No. 160 at 8). In response, Plaintiffs argue that the Amended Complaint is filled with legitimate allegations of Defendants' wrongful conduct, thus it is not a shotgun pleading. As explained further below, a shotgun pleading does not inherently warrant sanctions under Rule 11.

Defendants allege that Plaintiffs' Amended Complaint presented repetitive, disorganized, and barely comprehensible factual allegations. Defendants aver that Plaintiffs' theory of liability is untenable and defies logic. Citing to *Byrne v. Nezhat*, 261 F.3d 1075 (11th. Cir. 2001), Defendants argue that monetary sanctions are appropriate in situations such as this where a party files a shotgun pleading.

In *Byrne*, the plaintiffs alleged numerous causes of action in a 32-page, 126-paragraph complaint that the court described as a prototypical shotgun complaint. The complaint was ultimately dismissed on all but one count, and the district court ordered sanctions awarding attorneys' fees. Notwithstanding this outcome, the court did not impose sanctions under Rule 11

---

[1] Defendants also maintain that Plaintiffs' filing of claims barred by the four-year statute of limitations and which are duplicative of claims in parallel Canadian litigation are valid, independent grounds for sanctions against Plaintiffs and attorney Da Silva, pursuant to Rule 11 and 28 U.S.C. § 1927. As to the statute of limitations argument, the undersigned noted in the Second Report and Recommendation on Defendants' Motion to Dismiss that "Plaintiffs' allegations, particularly with respect to discernable injury, are not plead with sufficient clarity to enable the Court to make this determination from the face of the Amended Complaint." (ECF No. 129). Accordingly, the Court does not find it appropriate to impose sanctions upon this issue for which the Court is unable to make a determination; likewise, the Court declines to reach a determination as to the Canadian litigation.

because the complaint was a shotgun pleading. Rather, the court affirmed the award of sanctions on the basis that the claims in the amended complaint "lacked either a legal or a factual basis." *Id.* at 1107.

Here, Defendants' shotgun pleading argument fails to prove prong one—that Plaintiffs' Amended Complaint was objectively frivolous. Accordingly, I do not recommend sanctions under Rule 11 on the grounds that Plaintiffs' Amended Complaint was a shotgun pleading.

Defendants also allege Rule 11 sanctions are warranted against Plaintiffs for filing an amended complaint that is not materially different from the original Complaint. Plaintiffs argue that the Amended Complaint is distinguishable from the first complaint. I find Rule 11 sanctions are not warranted on these grounds.

Defendants argue that this Court's First Report and Recommendation ("First R&R") clearly directed Plaintiffs to replead a definite statement of the claim by clearly, simply, and concisely stating which allegations support each claim. However, Defendants contend that Plaintiffs merely filed the Amended Complaint containing the same deficiencies in the first complaint. Defendants argue that other courts have routinely held that sanctions are warranted when an amended complaint is not materially different from an original complaint. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (sanctioning a *pro se* plaintiff under Section 1927 and Rule 11 for bad faith conduct when she sought to amend her complaint that contained no claim for relief and was substantially the same as the complaint previously dismissed).

In response, Plaintiffs assert that the Amended Complaint was extensively amended to include sections for each of the eight Defendants with titles for each of Defendants' names and the conduct alleged; to further detail added as to the acts undertaken by Defendants; and to allege new

7

counts, including a count for negligent misrepresentation. Plaintiffs further proffer that they clarified the conduct of the Defendants by providing additional detail as to the illegal acts undertaken by Defendants as part of the alleged conspiracy. Plaintiffs claim to have made every effort to amend the complaint in accordance with the First R&R.

Plaintiffs specifically challenge Defendants use of *Jackson v. Bank of Am.*, N.A., 898 F.3d 1348, 1358 (11th Cir. 2018), arguing that the Amended Complaint does not run afoul of Rule 8 and Rule 9 in a manner that far exceeds the complaint in *Jackson*. In *Jackson*, the plaintiff filed a shotgun pleading composed of twenty pages and fourteen alleged causes of action. The district court provided the plaintiffs with an opportunity to file an amended complaint. However, the amended complaint did not correct the existing deficiencies. The Eleventh Circuit found the plaintiff's amended complaint frivolous and further found that the plaintiff's motive was "to delay or prevent the completion of [the foreclosure at issue]." *Jackson*, 898 F.3d at 1360.

Here, Plaintiffs contend that they extensively researched the allegations, facts, and law. Plaintiffs also contend that the Amended Complaint is visibly different, arguing that:

> Regardless of whether the pleadings still contained deficiencies, the Amended Complaint cannot be said to be "materially indistinguishable" when any reasonably competent person could see from a side-by-side comparison of the two documents that substantial alterations have been made to the contents of such.

(ECF No. 162 at 14).

In reply, Defendants argue that notwithstanding Plaintiffs' motives for filing frivolous pleadings, their conduct, similar to the bad faith conduct in *Jackson*, "obstructs the administration of justice" and "constitutes an abuse of judicial process." *Jackson*, 898 F.3d at 1360.

First, failing to satisfy the pleading requirements of Rule 8 does not render a party's claims frivolous and deserving of sanctions. Defendants' use of *Jackson* is misplaced. The amended complaint in *Jackson* was dismissed for non-compliance with Rule 8(a) and that court mentioned but did not impose sanctions on that basis. In fact, the *Jackson* court only examined sanctions under Federal Rule of Appellate Procedure 38, which relates to the imposition of sanctions for frivolous appeals. The court ultimately found that the plaintiff's appeal of the dismissal of his amended complaint was frivolous. The frivolity underlying the plaintiff's appeal was detailed as "the prosecution of an incomprehensible amended complaint with repeated requests for extensions in the District Court and the prosecution of a frivolous appeal with repeated requests for extensions [before the Eleventh Circuit]." *Id.*

Here, it cannot be said that sanctions are warranted merely because the Amended Complaint exhibits deficiencies that carry over from the original Complaint. Plaintiffs' Amended Complaint may have alleged the same claims and, to an extent, contained the same deficiencies as the original Complaint; however, Plaintiffs' Amended Complaint and conduct in this case does not exhibit the same hallmarks of frivolity and bad faith as found in *Jackson*. In that case, it was patently clear that the plaintiff attempted to deliberately delay and abuse the judicial process. In contrast, Plaintiffs in this case adamantly argue that they extensively researched the allegations, facts, and law pertaining to this case. Although Plaintiffs' complaint may run afoul of pleading requirements, the standard for which the Court shall award sanctions is not met. I do not reach a finding of objective frivolity from the pleading deficiency, much less agree that counsel failed to conduct a reasonable inquiry into the propriety of the claim. Accordingly, I do not recommend

9

the imposition of sanctions under Rule 11 on the grounds that the Amended Complaint was a re-pleading with the same defects.

Defendants also claim that Plaintiffs filed the Amended Complaint to harass Defendants and increase the cost of litigation. Defendants allege that the Amended Complaint contains irrelevant factual allegations regarding other cases that have no connection to Plaintiffs' claims. In response, Plaintiffs argue that the Amended Complaint highlights examples of cases involving Defendants' fraudulent behavior, which is at the heart of the factual allegations in this case.

Under the first prong of the Rule 11 analysis, Defendants argue that Plaintiffs' claims are objectively frivolous because the Amended Complaint contains irrelevant factual allegations that have no connection to Plaintiffs' claims. For example, Defendants argue that the Amended Complaint detailed an irrelevant dispute between Sargeant and non-party Mohammad Al-Saleh.

Plaintiffs argue that one of the cases mentioned in the Amended Complaint is relevant because it relates to the contract that Defendants entered into with Al-Saleh, "wherein they determined that [Sargeant] stole Al-Saleh's profits and used such stolen proceeds to pay Worldspan for the construction of the Superyacht." (ECF No. 162 at 10). Pointing to the allegations in the Amended Complaint, Plaintiffs argue that the contract is relevant because the heart of the conspiracy alleged in this case was the Superyacht credit bid fraud. At the hearing, Plaintiffs argued that these allegations are relevant because the proceeds from this fraud were used to purchase the Superyacht, thus it was a predicate act demonstrating a pattern of fraud.

Defendants also argue that Plaintiffs made allegations about a bribe to a Jordanian official, which is not relevant to the dispute over the Superyacht. In response, Plaintiffs contend that these allegations referenced another case wherein a jury found Sargeant guilty of fraud and awarded a

10

$28.8 million judgment against him. Plaintiffs additionally cite to charges levied against Sargeant's partner, General Dahabi, who was charged with embezzling public funds, money laundering, and other crimes involving bribery and fraud.

By referencing these cases, Plaintiffs attempt to establish a pattern of conduct by relying on similar conduct directed at others. Plaintiffs further aver that the injuries in this case were directly related to Defendants' conspiracy to "defraud Al-Saleh, their past bribe payments, and laundered funds." (ECF No. 162 at 11).

Defendants also argue that the Amended Complaint contained allegations regarding irrelevant legal proceedings; foreign business dealings; and Sargeant's entities that lack connections to this dispute. In response, Plaintiffs contend that the allegations relate to the Superyacht credit bid fraud. In reply, Defendants contend that any reasonable inquiry would have revealed that there was no merit to Plaintiffs' allegations, such as the allegation that General Dahabi paid a bribe to a Jordanian official.

Considering these allegations, Defendants fail to establish that these allegations are objectively frivolous under prong one of the Rule 11 analysis. By characterizing Plaintiffs' allegations as outrageous and improperly copied from separate lawsuits, Defendants merely attack the validity of the allegations and seek to litigate the merits of such allegations. No finding on the merits of Plaintiffs' claims have been made and Defendants have not shown their objective frivolity.

Defendants further argue that the Amended Complaint's allegations also target Sargeant's wife, Deborah Sargeant, by alleging that she lives a lavish lifestyle and that she engaged in money laundering (ECF No. 105 ¶ 29); delayed the construction of the Superyacht through change order

11

(*id.* ¶¶ 88–89); claimed the Superyacht was hers (*id.* ¶ 269); and was aware of fraud Sargeant committed against Al-Saleh and others (*id.* ¶ 271).  In response, Plaintiffs argue that Defendants improperly ignore all allegations brought against Deborah Sargeant, including a section devoted to describing her conduct.  Plaintiffs argue that Defendants attempt to downplay Plaintiffs' arguments that Deborah Sargeant is not irrelevant to these claims because she was involved in the Superyachts build preferences and delays in the construction.  In reply, Defendants contend that the allegations against Deborah Sargeant are insufficient because the Amended Complaint suggests only tangential involvement in the conspiracy, not her specific misconduct.

      As for the RICO claims, Defendants argue that sanctions are appropriate because a cursory pre-filing investigation would have revealed the lack of evidentiary support and legal basis for the claims.  Defendants argue that Plaintiffs' failure to allege facts establishing standing and other elements under RICO demonstrates Plaintiffs' bad faith in re-alleging the same RICO claims, thus sanctions are warranted.  Defendants take aim at Plaintiffs' counsel, Rodrigo S. Da Silva, alleging that he has engaged in reckless, bad faith filing of baseless RICO claims, which is the type of conduct that Rule 11 is meant to sanction and deter.  Defendants ask this Court to order attorney Da Silva to pay Defendants' reasonable attorneys' fees and costs, and to issue an apology.  The Court rejects this relief sought.

      The purpose of a Rule 11 motion is to determine whether a party or attorney has abused the judicial process; it is not an alternative remedy to seek disposition of the merits of the case. *See Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately

12

can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits." (citation omitted)).

The Parties extensively detail evidentiary and factual support regarding claims made in the Amended Complaint; however, the merits of the claims underlying the dismissed Amended Complaint are not at issue here. Rather, I am tasked with evaluating whether a party or attorney has abused the judicial process under Rule 11. Accordingly, the Court recommends rejecting Defendants' request for sanctions on the grounds that Plaintiffs' Amended Complaint was intended only to harass and incur legal expenses for the Defendants.

### b. Sanctions under 28 U.S.C. § 1927 are Not Appropriate

Defendants contend that sanctions under 28 U.S.C. § 1927 are appropriate because Plaintiffs' Amended Complaint is objectively unreasonable and vexatious, because it re-asserts meritless factual allegations and legal claims already rejected by this Court. In response, Plaintiffs argue that Section 1927 does not apply here because it does not apply to initial pleadings, and that Defendants' subjective belief that Plaintiffs' Amended Complaint was filed for an improper purpose is immaterial in determining whether Plaintiffs' conduct is sanctionable. (ECF No. 162 at 15–16).

There are three essential requirements that must be satisfied with respect to a fee award under Section 1927. As the Eleventh Circuit has explained:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs, expenses, and attorney's fees reasonably incurred because of such conduct.

*Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997) (citations and quotation marks omitted).

The first requirement is satisfied "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007) (citation omitted). In fact, "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions" because the "attorney must knowingly or recklessly pursue a frivolous claim." *Id.* (emphasis in original) (citation omitted). Negligent conduct, standing alone, will not suffice as "something more than a lack of merit is required." *Id.* (citation omitted). The second requirement, relating to multiple proceedings, is only satisfied when an attorney's conduct "results in proceedings which would not have been conducted otherwise." *Daniels v. Sodexo, Inc.*, 2013 WL 4008744, at *7 (M.D. Fla. Aug. 5, 2013) (citing *Peterson*, 124 F.3d at 1396). As for the final requirement, any sanction award must not be excessive in relation to the underlying misconduct.

The first requirement is not satisfied here because Defendants have failed to demonstrate that Plaintiffs or attorney Da Silva knowingly or recklessly pursued frivolous claims. Furthermore, Defendants have failed to demonstrate that the filing of Amended Complaint rises to the level of bad faith. Although Defendants highlight that Plaintiffs' claims fail as a matter of law and argue that the allegations are unsupported, Defendants do not provide any evidence of intent or recklessness associated with conduct under the first requirement.

At the hearing, Defendants referenced *Supreme Fuels Trading FZE v. Harry Sargeant, III, et al.*, Case No. 9:08-cv81215-CMA (S.D. Fla.), which is an ongoing litigation before Chief Judge Cecilia M. Altonaga. Defendants contend that attorney Da Silva is involved in other litigious

14

conduct against Sargeant, such as *Supreme Fuels*, and thus this is indicative of a pattern of unreasonable and vexatious conduct by attorney Da Silva against Defendants, including Sargeant.

In *Supreme Fuels*, the plaintiff alleged a conspiracy to bribe key Jordanian government officials to ensure that defendants would be the sole recipients of U.S. government contracts, valued at more than one billion dollars, for the supply of fuels to the U.S. military in Iraq. The Parties subsequently settled and the court entered an Amended Final Judgment against International Oil Trading Company, LLC ("IOTC USA") in the amount of $5,000,000.00. In 2021, the plaintiff filed a motion requesting that the Court exercise ancillary jurisdiction and commence proceedings supplementary against one of the defendants, Harry Sargeant III—one of the Defendants in the instant case—as the alter ego of IOTC USA. The district court granted the motion in part, allowing the plaintiff to file and serve a supplemental complaint and a notice to appear. The plaintiff subsequently renewed the motion to commence supplementary proceedings, and the district court denied the motion without prejudice and directed the plaintiff to address existing deficiencies. The plaintiff then filed a renewed second motion to commence proceedings supplementary. The district court also denied this motion on the basis that "[p]laintiff has not shown an exhaustion of means afforded by law to recover on its Judgment, so the commencement of proceedings supplementary and related relief requested in the Motion are not appropriate." *Supreme Fuels*, Case No. 9:08-cv81215-CMA (ECF No. 253 at 5).

Defendants contend that this matter is "personal" to attorney Da Silva and that he will continue to litigate frivolously. In response, attorney Da Silva avers that he was hired by the client because of his institutional knowledge of the underlying facts surrounding the cases and that the litigation against Sargeant does not stem from any personal animus towards Sargeant. Plaintiffs

contend that the allegations in *Supreme Fuels* are not irrelevant; rather, they arose out of the same conduct as alleged in the instant case, thus they provide relevant details to the underlying claims. Attorney Da Silva argues that Defendants are simply attempting to prevent him from litigating the claims in *Supreme Fuels* to recover the outstanding monetary judgment in that case.

Defendants' arguments regarding Da Silva's ill motives are too speculative to form the basis for the imposition of sanctions. Defendants rely solely on the briefings and a supplemental filing citing to a district court's orders in *Supreme Fuels*. There was no finding in *Supreme Fuels* that the renewed motions commencing proceedings supplementary warranted sanctions. Defendants proffer no evidence to demonstrate that attorney Da Silva's representation in *Supreme Fuels* is indicative of Da Silva knowingly or recklessly pursuing frivolous claims in this case.

Deficiencies in the pleadings resulted in the dismissal of this action; however, such deficiencies do not evidence bad faith or egregious conduct without a greater showing by Defendants. Defendants did not advance any evidence to support a finding that Plaintiffs' and attorney Da Silva engaged in unreasonable or vexatious conduct. Accordingly, I do not find sanctions warranted under Section 1927.

### c. Safe Harbor Provision

At the hearing, the Parties addressed the issue as to whether Rule 11's safe harbor provision applied in this case, and whether Defendants had complied with the provision.

Rule 11 requires the party seeking sanctions to serve a proposed Rule 11 motion on the opposing party and allows the motion to be filed only if the challenged pleading is not withdrawn or corrected within twenty-one days after service. Fed. R. Civ. P. 11 (c)(2); *Macort v. Prem, Inc.*, 208 F. Appx. 781, 786 (11th Cir. 2006). If a Rule 11 motion is properly served and filed in

accordance with Rule 11(c) and the Court denies the motion without prejudice to later renewal, the motion may be renewed without providing a second safe harbor period. *See Merritt v. Lake Jovita Homeowner's Ass'n, Inc.*, No. 8:08-CV-98-T-27EAJ, 2010 WL 11507746, at *1 (M.D. Fla. May 11, 2010); *see Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

Defendants have collectively filed four motions for sanctions. Defendants served their third Rule 11 Motion for Sanctions ("Third Motion for Sanctions") on August 7, 2019 and filed it on July 31, 2020. Thus, the Third Motion for Sanctions was properly served and filed in accordance with Rule 11(c)(2). On November 5, 2020, the district court denied Defendants' Third Motion for Sanctions without prejudice, with leave to refile after the pending appeal concluded. Plaintiff subsequently filed the instant Renewed Motion for Sanctions (Fourth Motion for Sanctions) on April 7, 2022. The instant Motion did not require a new safe harbor period because the relief sought and the grounds asserted in the Third Motion for Sanctions are essentially identical, and Defendants properly served and filed the Third Motion for Sanctions in accordance with the safe harbor provision. Accordingly, I find that Defendants did not violate the safe harbor provision under Rule 11(c)(2) for purposes of the instant Motion.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Renewed Sanctions under Rule 11 and 28 U.S.C. § 1927 be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** at Miami, Florida this 15th day of October, 2022.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable Federico A. Moreno
Counsel of Record